**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDDIE RENCHER, Jr., | No. 12-17544 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01040-MMD-CWH |
| v. | |
| ROBERT B. BANNISTER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Submitted October 15, 2013[**]

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

Nevada state prisoner Eddie Rencher, Jr., appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants

were deliberately indifferent to his serious medical needs.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment because Rencher failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference to his serious medical needs when they provided him with allegedly expired syringes for his insulin injections.  *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (a claim for deliberate indifference to an inmate's serious medical needs requires showing a purposeful act or failure to respond to inmate's pain or possible medical need, and harm caused by the indifference); *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) (holding that the Prison Litigation Reform Act "requires a prior showing of physical injury that need not be significant but must be more than *de minimis*");  *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing the requirements for establishing supervisory liability).

The district court properly dismissed Rencher's § 1983 claim against private parties Scott Graham and MBI, Inc. because Rencher failed to allege facts showing that these defendants conspired with state actors to deprive him of his rights.  *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (a conspiracy claim requires the existence of an agreement or meeting of the minds to violate

constitutional rights); *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations that a private party conspired with a state actor to deprive plaintiff of constitutional rights are insufficient to state a claim).

The district court did not abuse its discretion by denying Rencher's motion to file an amended complaint because the proposed amendments would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth the standard of review and explaining that denial of request to amend complaint appropriate where amendment would be futile).

The district court did not abuse its discretion by denying Rencher's motion for reconsideration because Rencher failed to establish grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

The district court did not abuse its discretion by denying Rencher's request for further discovery because Rencher failed to show how the discovery he sought would have precluded summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and requirements under former Fed. R. Civ. P. 56(f)).

Rencher's contention concerning defendants' alleged failure to provide him with copies of his medical records is unpersuasive.

**AFFIRMED.**